

FILED
JAN 28 2010

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 09-40029-02 |
| Plaintiff, | * | |
| vs. | * | **ORDER** |
| EVA LIZETTE VILLANUEVA, | * | |
| Defendant. | * | |

Pending are the Motion for Disclosure of Witness Inducements (Doc. 351), the Motion for Disclosure of Identity of Confidential Informants (Doc. 352) and the Motion for Disclosure of Impeaching Information (Doc. 353) filed by Defendant Eva Lizette Villanueva. The government has filed its response to each motion and the matter is now ripe for ruling by the court. The court finds no oral argument or evidentiary hearing is necessary.

**Motion for Disclosure of Witness Inducements (Doc. 351)**

The defendant has moved the court for an order requiring the United States to disclose any agreement entered into between the government and any government witness that could influence said witness' testimony. The United States, in response to the motion, has indicated that it will disclose information as obligated under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) and will provide defendant copies of any plea agreements and any promises or inducements offered to the government's trial witnesses no later than the Friday before trial. Accordingly, it is hereby

ORDERED that the defendant's motion for disclosure of witness inducements is GRANTED IN PART, and the United States shall provide the information as required under Brady and Giglio and their progeny to defendant no later than two weeks prior to trial. The government shall provide defendants copies of any plea agreements and any promises or inducements offered to the government's trial witnesses no later than the Friday before trial. The balance of Defendant's motion is DENIED.

### Motion for Disclosure of Identity of Confidential Informants (Doc. 352)

Defendant seeks for the government to disclose the identity of any confidential informants alleging disclosure of the identity and full background of the confidential informants is vital to a fair trial. The United States objected to the request.

Before a defendant may obtain the identity of a confidential informant, the defendant must demonstrate that such disclosure is "vital to a fair trial." United States v. Curtis, 965 F.2d 610, 614 (8th Cir. 1992). Such a showing must be sufficient to demonstrate that the need for disclosure outweighs the government's privilege to withhold the identity of its confidential informants. United States v. Harrington, 951 F.2d 876, 877 (8th Cir. 1991). The defendant has failed to make a sufficient showing to overcome the government's privilege to withhold the identity of its confidential informants.

Because the defendant has failed to carry the burden of proof, Defendant's request for the government to disclose the identity and criminal records of confidential informants is GRANTED, IN PART, only as it pertains to witnesses who will testify at trial. Pursuant to Brady v. Maryland, 373, U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972), and to the extent that exculpatory information would include the identity of a confidential informant, the information shall be produced by the government two weeks before trial. If a confidential informant does not have exculpatory information but will testify at trial, the identity of the confidential informant will be disclosed the morning of trial. If a confidential informant has no exculpatory information and will not testify at trial, then the identity of a confidential informant is not required to be disclosed. The balance of Defendant's motion is DENIED.

### Motion for Disclosure of Impeaching Information (Doc. 353)

Defendant has moved the court for the disclosure of impeaching materials. The United States has agreed, as it must, to comply with the requirements of Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972) as to any person called as a witness in this case. The United States noted, however, it is not required to provide the defense with the criminal records of all its potential witnesses but has agreed to provide the defense with the criminal records of its testifying witnesses that are properly used for impeachment purposes under the provisions of Rule 609 of the Federal Rules of Evidence. Accordingly, it is hereby

ORDERED that the Government shall, regarding testifying witnesses, disclose impeaching and exculpatory materials as required by Giglio and Brady, subject to the limitations of F.R.Evid. 609. These disclosures shall be made no later than two weeks prior to trial. The remainder of Defendant's motion is DENIED.

**ORDER**

Based on the above, it is hereby

ORDERED that:

1. Defendant's Motion for Disclosure of Witness Inducements (Doc. 351) is GRANTED IN PART AND DENIED IN PART.

2. Defendant's Motion for Disclosure of Identity of Confidential Informants (Doc. 352) is GRANTED IN PART AND DENIED IN PART.

3. Defendant's Motion for Disclosure of Impeaching Information (Doc. 353) is GRANTED IN PART AND DENIED IN PART.

Dated this 28 day of January, 2010.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge